### JOHN BUTLER v. THE STATE.

No. 5013. Decided May 8, 1918.

**1.—Theft—Insufficiency of the Evidence.**

Where, upon trial of theft, the evidence was insufficient to sustain the conviction, the judgment must be reversed and the cause remanded.

**2.—Same—Indictment—Ownership—Proof—Variance—Rule Stated.**

Where the alleged ownership in the indictment was in a certain party, the proof must sustain the same.

Appeal from the County Court of Hill. Tried below before the Hon. R. T. Burns.

Appeal from a conviction of theft; penalty, a fine of twenty-five dollars and five days confinement in the county jail.

The opinion states the case.

*J. Webb Stollenwerck,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—The indictment charges appellant with having committed theft of sugar of the value of $9 and lard of the value of $6, being the property of W. N. Baker and taken from his possession without his consent.

Mr. Baker testified he was agent of the Missouri, Kansas & Texas Rail-

wav Company at Hillsboro; that about the 1st of November he missed, at the Katy freight office in Hillsboro, six one-gallon cans of Cresco lard of the value of $9, and one sack of sugar of the value of $9, and that he never gave his consent to anyone to take this property. He says he did not know who got the lard, or whether the three cans of lard exhibited to him was that which he missed. It was the same brand of lard, although, he says, there are a great many cans of that brand of lard. It is a standard brand of lard and handled and shipped by nearly all grocery merchants. He knew of nothing peculiar about the particular cans of lard to identify them, nor did he know who got the sugar. Thompson testified that he was constable, and went to appellant's house and found in a corner behind a safe three cans of lard the same as that exhibited,—three one-gallon cans of Cresco lard, and also found some sugar with the lard. He says he never saw defendant with any lard; never saw him enter the Katy freight office, although he worked for the Hillsboro Transfer Company. He says he did not know whether the lard on exhibition was that taken from the Katy freight office or not; that defendant was not a merchant, and that it is unusual for people who run transfer wagons to sell lard, and that he recovered two cans of lard from Lem Maddox. Maddox says he got two cans of lard from appellant for which he paid $3, and that the officer came and took the lard. Some time after this appellant was paid off by the transfer company, and witness told appellant that he, witness, was a hard working man and needed his money, and that the officer had taken his lard from him, and he further states after the company paid appellant what was due him for back pay appellant paid him $3. This is the case.

We are of opinion that this evidence is not sufficient to form the basis of the conviction. This may or may not have been the lard taken from the Katy freight office. It was not identified and was not undertaken to be identified, except by the fact that it was a similar brand and size. There was no attempt to introduce any evidence as to the missing sugar, unless it be the statement of the constable that he saw some sugar at appellant's house, but the kind, character, weight or quantity is not described or set forth. A similar question under equally as strong a statement of facts as this was decided adversely to the State in the recent case of Kellum v. State. Judge Morrow cited the authorities and went into the question of identity and necessary proof pretty fully. For authorities see the Kellum case.

There is another question to which we call attention. The indictment alleges ownership of the property to be in Mr. Baker. The evidence fails to show ownership. He does not testify to this property or that it was taken from him. He does not testify as agent of the Missouri, Kansas & Texas Railway Company that he had possession and control of the property taken. This should be shown. If as agent of the railroad company this property was in his possession as special owner, that fact should be shown; at least there should be some evidence of the fact

of his ownership in some way to meet the allegations in the indictment.
The judgment is reversed and the cause remanded.

*Reversed and remanded.*